# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| CHARLES L. WADE,<br>　　Plaintiff/Petitioner | Case No. 1:11-cv-590 |
| | Beckwith, J. |
| vs | Bowman, M.J. |
| HAMILTON COUNTY<br>PROSECUTOR'S OFFICE, et al.,<br>　　Defendants/Respondents | **REPORT AND<br>RECOMMENDATION** |

Charles L. Wade, an inmate at the Elkton Federal Correctional Institution in Lisbon, Ohio, brings this pro se action against the Hamilton County, Ohio, Prosecutor's and Sheriff's Offices. By separate Order issued this date, Mr. Wade has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of the complaint/petition to determine whether the complaint/petition, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490

U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). A complaint filed by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at

1949 (citing *Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.  The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Mr. Wade brings this action against the Hamilton County Prosecutor's Office and Hamilton County Sheriff's Office on behalf of himself and "all other inmates [who] have outstanding [arrest] warrants that are over five years old." (Doc. 1).  In the complaint/petition entitled "Petition to Challenge Outstanding Warrants And Lack Of Detainers," Mr. Wade alleges that the Hamilton County Municipal Court issued four warrants for his arrest in 1992 and that the Hamilton County Juvenile Court issued a warrant against him in 1999 for child support.  Mr. Wade avers that he was "stop[p]ed, arrested and let go" on all of the warrants "at one time or another," and that the warrants are still outstanding despite the passage of years.  Mr. Wade further states that he has been in federal custody since April 1999 and has "repeatedly attempted" to either have a detainer lodged so that he can be brought before the proper authorities to answer the outstanding state charges or to have those charges dismissed.  Mr. Wade does not seek damages as relief.  Instead, he essentially requests the Court to intervene in the state matter brought as a "class action for all inmates [who] have been in custody for over five years and have outstanding warrants that are equally five years or older," and "issue rulings" as to "when the state should place a detainer on an outstanding warrantee, secure warrantee and then transport [the warrantee] to said state or county to answer and be sentenced on outstanding warrant(s)."

Mr. Wade does not state in the complaint/petition that he is bringing this civil action pursuant to the federal habeas corpus statutes–28 U.S.C. § 2241 or 28 U.S.C. § 2254. However, as an initial matter, it is important to clarify that the complaint/petition cannot be characterized as a petition for a writ of habeas corpus under either § 2241 or § 2254, because habeas corpus jurisdiction lies only if the prisoner is "in custody" in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a).

The Supreme Court has held that if a detainer has been lodged against a prisoner, the "in custody" jurisdictional requirement is satisfied to allow review of constitutional claims arising from the detainer or any criminal prosecution initiated in the state lodging the detainer. *See Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 488-89 & n.4 (1973). In *Braden*, the Supreme Court expressly declined to decide whether the petitioner "would be sufficiently 'in custody' to attack the . . . indictment" returned by the non-holding state if no detainer was filed. *Id.* at 489 n.4. However, courts faced with the issue have consistently concluded that the "presence of the detainer is crucial" to establish "in custody" habeas corpus jurisdiction because the detainer "represents a present claim . . . of jurisdiction over . . . [the] person [by the non-holding state] and the right to subject him to its orders and supervision in the future." *Dodd v. United States Marshal,* 439 F.2d 774, 775 (2nd Cir. 1971) (internal citation and quotation omitted); *see also Daker v. Baker,* 263 F. App'x 809, 812 (11th Cir. 2008) ("under *Braden*, the existence of a dead-docketed indictment, without a detainer," does not satisfy the "in custody" habeas jurisdictional requirement); *Bancroft v. Massachusetts,* 525 F. Supp.2d 237, 241-42 (D. Mass. 2007) (holding that in the absence of "the *actual* lodging of a detainer" by Massachusetts, the petitioner incarcerated pursuant to a judgment of another state "cannot be

4

deemed 'in custody' as a result of the Massachusetts prosecutions he seeks to challenge" in a habeas corpus petition) (emphasis in original); *Jones v. United States,* No. 4:11cv305 BSM/JTR, 2011 WL 3042023, at *2-3 (E.D. Ark. June 17, 2011) (Report & Recommendation) (recommending dismissal of a habeas petition because the petitioner was not taken into custody and the challenged outstanding arrest warrant fell "far short of the kind of 'severe' and 'immediate' restraint upon liberty sufficient to invoke and maintain jurisdiction under the federal habeas statutes"), *adopted,* 2011 WL 3040908 (E.D. Ark. July 25, 2011); *Prall v. Attorney Gen. of Rhode Island,* Civ. No. 09-366 S, 2010 WL 737646, at *6-7 (D. R.I. Mar. 1, 2010) (and cases cited therein) (adopting recommendation to dismiss a habeas petition contesting the prisoner's future confinement in another state for lack of jurisdiction because no detainer had been lodged and only an arrest warrant was outstanding); *Kirkland v. New Jersey,* Civ. No. 09-2969 (RMB), 2009 WL 1885105, at *1 n.2 (D. N.J. June 29, 2009) (and cases cited therein) (in finding that the court lacked habeas jurisdiction, the court noted that "at least two circuits have ruled that a petitioner incarcerated in one state is not 'in custody' to attack the charges in another state where the second state has not lodged a detainer"); *cf. Rumsfeld v. Padilla*, 542 U.S. 426, 438 (2004) (emphasizing that the "in custody" requirement for a habeas petitioner seeking to challenge a "confinement that would be imposed in the future" was met in *Braden* "by virtue of the detainer").[1]

In this case, it is clear from the face of the complaint/petition that no detainer has been

---

[1]*But see Sargent v. Duckworth*, No. 97-6170, 1998 WL 898876, at *2 (6th Cir. Dec. 17, 1998) (in an inapposite case, where the prisoner had been convicted and sentenced to an aggregate 40-year prison term in Kentucky and then returned to Indiana to serve a prior Indiana sentence, the Sixth Circuit concluded that the "in custody" jurisdictional requirement was met absent a detainer to challenge the future sentence because Indiana treated certain "Kentucky paperwork" as a detainer and because it was "reasonable to expect that Kentucky will seek to enforce its sentence in the future").

lodged by Hamilton County or other state authority on any of the challenged outstanding arrest warrants issued against Mr. Wade. Therefore, the "in custody" requirement for habeas corpus jurisdiction has not been met, and the complaint/petition cannot be construed as a petition for habeas corpus relief under 28 U.S.C. § 2241 or 28 U.S.C. § 2254.

In the absence of habeas corpus jurisdiction, the Court must next assess whether the complaint/petition should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b). Liberally construing the allegations set forth in the complaint/petition, the undersigned concludes that the complaint/petition is subject to dismissal for failure to state a claim upon which relief may be granted.

First, to the extent Mr. Wade seeks mandamus relief by requesting rulings compelling state officials to either lodge a detainer or dismiss the outstanding warrants, this Court lacks the authority to grant such relief. "Federal courts have no general power to compel action by state officers, including state judicial officers." *See Smith v. Ohio Adult Parole Authority,* No. 6:10-cv-105-GFVT, 2010 WL 1839017 (E.D. Ky. May 5, 2010) (dismissing a mandamus petition on initial screening on the ground that the federal court lacked authority to compel the withdrawal of a detainer lodged by the state); *see also Akeley v. Massachusetts,* Civ. No. 10-40180-TSH, 2010 WL 4955589, at *4 (D. Mass. Sept. 30, 2010) (Report & Recommendation) (concluding that the federal district court "has no authority to dismiss pending state criminal charges . . ., nor does th[e] Court have mandamus power to order a state court judge to dismiss those criminal charges"), *adopted,* 2010 WL 4955469 (D. Mass. Nov. 30, 2010); *Robinson v. Illinois*, 752 F.

Supp. 248 (N.D. Ill. 1990) (concluding that "no arguable legal basis" existed for the plaintiff/petitioner's mandamus request to compel the state court to order the removal of a state detainer); *cf. Reyes v. Rocky River Municipal Court,* No. 1:08cv565, 2008 WL 2385946, at *2 n.5 (N.D. Ohio June 6, 2008) (in dismissing a habeas petition challenging the merits of charges underlying a state detainer on exhaustion grounds, the court noted that prisoners "must apply to a state court for relief from a state detainer" and that "[f]ederal courts have no general power to compel action by state officers, including state judicial officers"). Because Mr. Wade is essentially requesting the federal court to compel certain actions by state officials in a matter involving state-law issues pertaining to detainers and outstanding state criminal charges, he must first apply to a state court in Ohio where those issues have arisen. *Cf. Smith, supra,* 2010 WL 1839017, at *3 (and Ninth Circuit cases cited therein); *see also Robinson,* 752 F. Supp. at 249 ("If [the prisoner] wants to compel judicial action on his motion [for removal of a state detainer], he should apply to the state court for mandamus relief.").

Second, the allegations set forth in the complaint/petition are insufficient to give rise to an actionable federal claim under 42 U.S.C. § 1983.

The complaint/petition does not state a claim of a violation of the Interstate Agreement on Detainers (IAD). The IAD provides protections to ensure a speedy trial on "any untried indictment, information, or complaint on the basis of which a detainer has been lodged." 18 U.S.C. app. 2, § 2, art. III(a). "[T]he provisions of the [IAD] are applicable only when a participating jurisdiction, having untried charges pending against a prisoner, first lodges a detainer with the participating jurisdiction." *United States v. Dixon,* 592 F.2d 329, 333 (6th Cir. 1979) (citing *United States v. Mauro,* 436 U.S. 340 (1978)). "It is only when the Government

7

does file a detainer that it becomes bound by the Agreement's provisions." *Mauro,* 436 U.S. at 364 n.30. In this case, where it is undisputed that no detainer was filed, the protections of the IAD were never triggered. Therefore, no violation of the IAD has occurred to constitute even a possible cause of action in this case. *Cf. United States v. Scott,* No. 1:09cr100(1), 2010 WL 3463738, at *5-6 (S.D. Ohio Aug. 5, 2010) (Hogan, M.J.) (Report & Recommendation) (and cases cited therein), *adopted*, 2010 WL 3463734 (S.D. Ohio Sept. 2, 2010) (Barrett, J.).

The complaint/petition also fails to state a claim of federal constitutional dimension. The mere allegation that state officials neither filed a detainer nor dismissed stale outstanding warrants, in and of itself, does not triggers constitutional concerns. *Cf. id.* at *6 (denying a motion to dismiss a federal indictment even though the government violated a provision of the federal speedy trial act by neither filing a detainer nor "promptly" procuring the defendant's presence for trial).

Moreover, the complaint/petition's allegations fail to state a claim of a constitutional speedy trial violation. The Sixth Amendment speedy trial right does not attach until a formal indictment or information is filed or "the actual restraints imposed by arrest and holding to answer a criminal charge" have occurred. *United States v. Lovasco,* 431 U.S. 783, 788-89 (1977) (quoting *United States v. Marion,* 404 U.S. 307, 320 (1971)); *see also Doggett v. United States,* 505 U.S. 647, 655 (1992); *United States v. MacDonald,* 456 U.S. 1, 6 (1982). Although pre-indictment delay may give rise to a due process claim, or to a claim under an applicable state statute of limitations, "no Sixth Amendment right to a speedy trial arises until charges are pending." *MacDonald,* 456 U.S. at 7. Here, the Speedy Trial Clause has no application because state officials have taken no action to prosecute Mr. Wade or otherwise hold him to answer

charges contained in any of the challenged outstanding arrest warrants.

The Fourteenth Amendment's Due Process Clause may also be invoked to provide protection against oppressive pre-indictment delay. *See Lovasco,* 431 U.S. at 789 (citing *Marion,* 404 U.S. at 324). In *Lovasco*, the Supreme Court held that the Due Process Clause plays a limited role in protecting criminal defendants who are actually prejudiced by excessive pre-indictment delay. *Lovasco,* 431 U.S. at 789. Proof of prejudice is "generally a necessary," but is insufficient standing alone to establish a due process violation; the due process inquiry also requires consideration of the reasons for the delay. *Id.* at 790; *see also United States v. Bryant,* Nos. 90-1831, 90-1836, 1991 WL 256555, at **2 (6th Cir. Dec. 2, 1991). To establish a due process violation, the defendant must show that the delay "caused him *actual* prejudice in presenting his defense." *United States v. Schaffer,* 586 F.3d 414, 425 (6th Cir. 2009) (quoting *United States v. Gouveia,* 467 U.S. 180, 192 (1984) (emphasis added)), *cert. denied*, 130 S.Ct. 1921 (2010). Moreover, delay attributable to the legitimate investigation of a crime does not violate due process even if such delay might have "somewhat prejudiced" the defense. *See Lovasco,* 431 U.S. at 796; *see also Burns v. Lafler*, 328 F. Supp.2d 711, 719 (E.D. Mich. 2004).

Here, any claim based on excessive pre-indictment delay is premature because no indictment has been filed against Mr. Wade, and the complaint/petition does not allege that an indictment will ever be returned on any of the charges contained in the challenged outstanding warrants. No due process inquiry, which involves an assessment of *actual* prejudice and the reasons for the delay, is possible unless an indictment is returned to trigger the inquiry. In an analogous habeas case, where an appeal was not allowed to consider the constitutionality of a state county's refusal to issue a detainer and take temporary custody of the petitioner, the Tenth

9

Circuit reasoned:

> [Petitioner] has made no showing–neither can he, at least of yet–that the violation rose to the level of prejudice at which we would question whether the district court's resolution of his claim denied him a constitutional right. The . . . County's charges against him remain outstanding, and [petitioner] has not yet been brought to trial on the basis of them; indeed, it is possible he never will be.

*Raifsnider v. Colorado*, 299 F. App'x 825, 827 (10th Cir. 2008). Similarly, here, a violation of Mr. Wade's constitutional rights resulting from any pre-indictment delay is yet to occur, if at all. Therefore, the complaint/petition fails to state a claim of a due process violation by state officials in failing to either lodge a detainer or dismiss the arrest warrants.[2]

Accordingly, in sum, the undersigned concludes that the complaint/petition filed in the instant action should be dismissed on the ground that it fails to state a claim upon which relief may be granted. In addition, to the extent Mr. Wade seeks to bring this action as a class action, his request should be denied. As a pro se litigant, he lacks the qualifications to represent a class. *See, e.g., Ziegler v. Michigan,* 90 F. App'x 808, 810 (6th Cir. 2004) ("non-attorneys proceeding pro se cannot adequately represent a class"); *Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that it was "plain error" to permit the pro se prisoner "to represent his fellow inmates in a class action"); *Herrerra v. Mich Dep't of Corr.,* No. 5:10cv11215, 2011 WL 3862640, at *6 (E.D. Mich. July 22, 2011) (Report & Recommendation) (and cases cited therein)

---

[2]It is noted that in the event a detainer is lodged or a prosecution is initiated in the future on charges contained in any of the challenged warrants, a complaint/petition filed with this Court during the ongoing state judicial proceedings would be subject to dismissal under the abstention doctrine enunciated by the Supreme Court in *Younger v. Harris*, 401 U.S. 37 (1971). Moreover, if a future prosecution on such charges were to result in a conviction and sentence, a § 1983 civil rights action will not lie unless Mr. Wade has been successful in having the conviction or sentence invalidated. *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). However, the federal habeas corpus statutes–28 U.S.C. §§ 2241 and 2254–provide means for pursuing constitutional challenges to any ensuing state prosecution or conviction after the exhaustion of available state court remedies. *See, e.g., Braden,* 410 U.S. at 490; *see also Muhammad v. Close,* 540 U.S. 749, 750-51 (2004) (per curiam); *Heck,* 512 U.S. at 481; *Preiser v. Rodriguez,* 411 U.S. 475, 489-92 (1973).

(denying pro se plaintiffs' motions for class certification and the appointment of counsel to represent the "putative class" because (1) the "competence of a layman is clearly too limited to allow him to risk the rights of others;" and (2) the court lacked authority to appoint counsel to represent plaintiffs so that they could pursue their claims as a class action), *adopted,* 2011 WL 3862390 (E.D. Mich. Sept. 1, 2011).[3]

**IT IS THEREFORE RECOMMENDED THAT:**

1. The instant complaint/petition should be **DISMISSED** with prejudice because it fails to state a claim upon which relief may be granted.

2. The Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Court Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

 *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[3]*See also McGoldrick v. Werholtz,* 185 F. App'x 741, 744 (10th Cir. 2006) (and cases/authorities cited therein); *Ferren v. Norton,* 125 F. App'x 184, 185 (9th Cir. 2005) (and case cited therein).

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

CHARLES L. WADE,
    Plaintiff/Petitioner

Case No. 1:11-cv-590

Beckwith, J.
Bowman, M.J.

vs

HAMILTON COUNTY
PROSECUTOR'S OFFICE, et al.,
    Defendants/Respondents

## **NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).